Augustus H. Evans, Appellant, v. The Board of President and Directors of the St. Louis Public Schools, Respondents.

*Patent, younger to support an equity against an elder title.*—It having been decided in the case of Kissell v. St. Louis Public Schools, 16 Mo. R. 553, and 18 How. R. 19, that the entry of Robert Duncan as preemptor of fractional section 26, township 45 north, range 7 east of the 5th principal meridian, under which the plaintiff claims the land in suit, was void; he shows no title, either in law or equity, upon which he can impeach the defendant's title under the acts of 1812 and 1831. (See Magwire v. Tyler, 30 Mo. 202, and 25 How.)

*Appeal from St. Louis Land Court.*

No counsel appeared for appellant.

*Casselberry*, for respondent.

The land in controversy is within the corporation of 1809 of the town, now city, of St. Louis. The corporation of 1809 was in full force when the act of 1812 was passed, which reserved all vacant lands in St. Louis for the support of schools therein. The land in suit is the same that was in controversy in the case of Kissell v. The Schools, 16 Mo. 553, and 18 How. 19, which decided that the plaintiff's entry was void. (Jones v. Soulard, 24 How. 41.) The plaintiff's entry being void, he has no claim in equity.

Bates, Judge, delivered the opinion of the court.

This is an action in the nature of a bill in equity. The petition sets forth that on the 2d day of May, 1836, Robert

Duncan, as a preemptor, entered with the register and receiver of the land office at St. Louis, fractional section 26, township 45 north, range 7 east of the fifth principal meridian, and that he has become by various conveyances the representative of Duncan in said land, and that the defendant has acquired the legal title from the United States to a portion thereof, and that the defendant's title was acquired by improper and illegal means, and prays that the title of the defendant be by decree vested in him, and the defendant required to convey the legal title to said section to him; that the defendant be perpetually enjoined from setting up or in any way making claim to said section or any part thereof, and that judgment be given the plaintiff for possession of so much of said section as is now in the possession of the defendant, and for damages. The defendant's answer, among other things, alleges that the supposed certificate of preemption and the certificate of entry, dated May 2d, 1836, obtained by said Robert Duncan, which are mentioned in said second amended petition, were, in or about the year 1845, annulled and cancelled by the commissioner of the general land office, and are consequently null and void.

At the trial of the cause evidence was given of Duncan's entry, and also of its cancellation. The only instruction asked was given as follows: "The defendant asks the court to declare the law to be, that upon the pleadings and proof the plaintiff is not entitled to the relief asked." To which the plaintiff excepted, and judgment was given for the defendant.

The subject of this suit was formerly before this court in the case of Kissell v. The St. Louis Public Schools, (16 Mo. 553.) That case was taken to the Supreme Court of the United States, which court held that the entry of Duncan was void, (18 How. Rep. 19.)

The Supreme Court of the United States has also since held, in the case of Jones v. Soulard, 24 How. 41, and expressly decided " that Duncan's entry set up in defence in the court below is void, as this court held in the case of Kis-

sell v. The St. Louis Public Schools, 18 How." In this case, therefore, the entry of December, under which the plaintiff claims, being absolutely void, he has no title whatever, and no right to impeach the defendant's title in law or equity.

Judgment affirmed, the other judges concurring.